GRAVES & a., *App'ts*, v. TILTON, *Adm'r*.

A person appointed in another state administrator of the estate of a deceased citizen of that state, may be presumed to have such a representative interest as will entitle him to appeal from the appointment of another administrator of the estate in this state.

APPEAL from a decree of the probate court, appointing the defendant administrator of the estate of Haskell G. Smith, late of Goshen, Conn., deceased. A suit now pending in the trial term in this county in favor of one Richardson against Smith, in which one Redington is the plaintiff in interest, was tried at the September term, 1882, and a verdict was returned for the plaintiff. Smith was not present at the trial, and it was afterwards ascertained that he had died before the trial; and upon the petition of Richardson and Redington, claiming to be creditors of Smith, and without notice, Tilton was appointed administrator of his estate. In *Richardson* v. *Smith*, land of Smith in this county was attached. After the attachment Smith conveyed it to Eaton and Calhoun. This appeal is taken by Graves as administrator of Smith in Connecticut, and by Eaton and Calhoun. The alleged reasons of appeal are,—

1. Because said Henry L. Tilton was appointed upon the petition of James E. Richardson and Geo. B. Redington, plaintiff and plaintiff in interest in an action pending in the supreme court in the western judicial district for the county of Grafton, in which

said Haskell G. Smith was defendant, and a large amount of his property is under attachment therein.

2. Because said Henry L. Tilton is the agent of the said plaintiffs, and they thereby come in full control of the defence as well as the prosecution of said action, whereby the heirs and actual representatives of said Smith are ousted of any control of said defence, and by reason thereof are greatly damnified.

3. Because said Tilton declines to act in the premises in an impartial manner, and is hostile to the interests of said Smith and of his heirs and legal representatives.

4. Because it is the right of all persons interested in the estate of said Smith to procure administration in New Hampshire, ancillary to the administration in Connecticut, and it is for the best interest of said estate that such administration be granted; that whatever other course the proceedings in said estate may have taken hitherto in said probate court for Grafton county is without the knowledge or consent and against the will of all parties interested in said estate, except the said Richardson and Redington. The said Graves is administrator of said Smith's estate in the state of Connecticut, and desires to take out ancillary administration in this state.

The appellee moved to dismiss.

*Bingham, Aldrich & Remick*, for the appellee. The appeal should be dismissed because the appellants have no such interest as entitles them to an appeal, and their reasons of appeal are insufficient. Eaton and Calhoun are opposed to Tilton's appointment, not because he is an unfit person, but because they desire the appointment of some one who will administer the estate in the insolvent course, thereby releasing the land from the creditors' attachment, anticipating that Tilton might possibly administer the estate in the solvent course. Smith left no property in New Hampshire, if he did anywhere, and a dissolution of the attachment for the benefit of Eaton and Calhoun, by an administrator acting in their interest, would be unjust. If Tilton should attempt to abuse his trust, the appellants would have an adequate remedy on a petition for revocation of his appointment, and in a suit on his bond.

*Bingham, Mitchells & Batchellor*, for the appellants.

DOE, C. J. As administrator of Smith in Connecticut, Graves may be presumed to have such an interest as entitles him to appeal. *Shirley* v. *Healds*, 34 N. H. 407. The foreign rights which he represents might be affected by such an appointment in this state as would entrust the defence of the pending suit to the claimants by whom the suit is prosecuted; and it seems to be immaterial whether Eaton and Calhoun are appellants of record or not. The reasons of appeal contain a statement of facts equivalent to an

14*

averment that, by reason of the partiality of the appellee as an agent of Richardson and Redington, plaintiffs in the pending suit, and his hostility to the interests of the estate, he is not a suitable person to be administrator. For the purpose of pleading, this is sufficient.

A due regard for inter-state comity, and the convenience of having a single administrator in both states, present the inquiry whether Graves should be appointed in this state. If his object is to dissolve the attachment by settling the estate in the insolvent course, and thereby favor the subsequent purchasers at the expense of attaching creditors, and if such a course ought not to be taken, or if in any way he intends to give any one an unfair advantage, he is an unsuitable person, and should not be appointed. If the appellee, in defending the suit or otherwise administering the estate, would act as an agent of the attaching claimants, or with any degree of illegal favoritism, some other person should be appointed who would understand the disinterested and equitable character of his fiduciary duty, and perform it without fear or favor. His power should not be conferred upon an adherent of any contending party who would be likely to use it wrongfully. No litigant of record, and no purchaser or claimant who is a litigant in interest, can legally secure the partisan service of an ally in this position of trust, the holder of whch is bound to exercise impartial care for all the rights he represents. The administrator should know what the law requires of him, and should be incapable of being swerved from the line of his official obligation. It is no cause for appointing an unsuitable person that any one aggrieved by his abuse of trust would have a remedy by petition for his removal and suit on his bond. An effort is to be made to avoid such litigation by a proper appointment.

If one question is whether the attachment should be dissolved by a probate decree that the estate be administered as insolvent, the case may be such that all parties interested in the question should be fully heard upon it in the court of last resort. If they could not be heard on the merits in an appeal taken from a probate decree on the subject, or if their right to be heard on such appeal were doubtful, it might be the duty of the administrator to give them an opportunity to be heard on a bill in equity for instructions in the nature of a bill of interpleader, in which all parties in interest, being made parties of record, would be bound by the judgment. They may desire a determination of this question in this appeal without the expense of another suit. The facts will be found at the trial term.

*Motion denied.*

STANLEY, J., did not sit: the others concurred.